**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID SANTANIELLO, ROSANNE D. SANTANIELLO, and LUIS MENESES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>UNISON AGREEMENT CORPORATION, REAL ESTATE EQUITY EXCHANGE, INC., UNISON INVESTMENT MANAGEMENT, LLC, and UNISON MIDGARD HOLDINGS LLC,<br><br>Defendants. | No. 26-cv-7117-EP-JSA<br><br>Hon. Evelyn Padin, U.S.D.J.<br><br>Hon. Jessica S. Allen, U.S.M.J.<br><br>**Motion Day: November 2, 2026** |

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT THE STAY

*Of Counsel:*
Eric T. Kanefsky, Esq.

*On the Brief:*
Eric T. Kanefsky, Esq.
Kevin J. Musiakiewicz, Esq.
Martin B. Gandelman, Esq.

**CALCAGNI & KANEFSKY LLP**
*Attorneys for Defendants*

One Newark Center
1085 Raymond Blvd., 18th Floor
Newark, New Jersey 07102
T. (862) 397-1796
F. (862) 902-5458
E. eric@ck-litigation.com
E. kevin@ck-litigation.com
E. mgandelman@ck-litigation.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

BACKGROUND AND PROCEDURAL HISTORY .......... 2

LEGAL STANDARD .......... 3

ARGUMENT .......... 4

I. The Bases for the Stay Have Not Changed, And Are Now Stronger. .......... 4

II. Plaintiffs Do Not Identify Any Cognizable Prejudice From Briefly Continuing the Stay. .......... 7

III. Lifting the Stay Weeks Before the JPML's Decision Would Burden Defendants With Potentially Unnecessary and Duplicative Litigation. .......... 9

IV. Briefly Maintaining the Stay Serves Judicial Economy and the Public Interest. .......... 11

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Actelion Pharms. Ltd. v. Apotex Inc.*,
2013 WL 5524078 (D.N.J. Sept. 6, 2013) .......... 8

*Akishev v. Kapustin*,
23 F. Supp. 3d 440 (D.N.J. 2014) .......... 10

*Cnty. of Monmouth v. Pfizer, Inc.*,
2022 WL 17490541 (D.N.J. Dec. 7, 2022) .......... 3, 4, 8

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
381 F.3d 131 (3d Cir. 2004) .......... 11

*Davis v. DePuy Orthopaedics, Inc.*,
2011 WL 5237563 (D.N.J. Nov. 2, 2011) .......... 8

*Dean v. Novartis Pharms. Corp.*,
2021 WL 3508808 (D.N.J. Aug. 10, 2021) .......... 3, 11

*Franciscchetti v. Unison Agreement Corp.*,
No. 1:26-cv-03341-JRR, ECF No. 22, slip op. (D. Md. Oct. 15, 2026) .......... 2, 9, 10

*In re Generali Covid-19 Travel Ins. Litig.*,
509 F. Supp. 3d 1365 (J.P.M.L. 2020) .......... 6

*Gibbs v. Plain Green, LLC*,
331 F. Supp. 3d 518 (E.D. Va. 2018) .......... 8, 9

*Gold v. Johns-Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) .......... 3

*Landis v. North American Co.*,
299 U.S. 248 (1936) .......... 3

*Packer v. Power Balance, LLC*,
2011 WL 1099001 (D.N.J. Mar. 22, 2011) .......... 10

*Pennsylvania ex rel. Kane v. McGraw-Hill Cos., Inc.*,
2013 WL 1397434 (M.D. Pa. Apr. 5, 2013) .......................................................8

*Quinn v. JPMorgan Chase Bank, N.A.*,
2020 WL 3472448 (S.D.N.Y. June 24, 2020)........................................6, 7, 9, 11

*Sehler v. Prospect Mortg., LLC*,
2013 WL 5184216 (E.D. Va. Sept. 16, 2013)..................................................8, 9

*In re T-Mobile Customer Data Sec. Breach Litig.*,
576 F. Supp. 3d 1373 (J.P.M.L. 2021)..................................................................5

*Weisman v. Se. Hotel Props. Ltd. P'ship*,
1992 WL 131080 (S.D.N.Y. June 1, 1992).......................................................11

*Zornes v. Smitty's Supply, Inc.*,
2020 WL 1285386 (D. Kan. Mar. 18, 2020).................................................9, 11

**Other Authorities**

15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3866.1 .....................................11

## PRELIMINARY STATEMENT

In just a few weeks, the Judicial Panel on Multidistrict Litigation ("JPML") will decide whether to consolidate this matter with eight extremely similar federal actions. Significantly, seven of these matters are class actions. The likelihood of consolidation being granted has risen significantly since this Court stayed this matter. Three additional class actions have been filed in federal courts, all raising the same types of claims as this matter. The JPML has scheduled the consolidation motion for hearing on December 3, 2026, and it typically decides such requests very quickly, including issuing its most recent set of decisions just eight days after hearing the motions.

Against this backdrop, Plaintiffs' motion to lift the stay should be denied because it makes no practical sense. Nothing has changed since this Court entered the stay that would justify lifting it now. Plaintiffs have identified no benefit from lifting the stay. Nor have they identified any burden or actual harm from the stay remaining in place for a few more weeks.

The JPML is going to decide the critical threshold issue of consolidation soon, which will control where and how this case moves forward. Every stay motion Defendants have filed in the constituent cases has been granted (including three stay motions filed since this Court entered its stay order) and none have been lifted. Just last week, the court in one of the constituent actions granted Defendants' contested

motion to stay pending the JPML's decision, holding that "when considering judicial economy, Defendants' hardship, and prejudice to Plaintiffs, the court is persuaded that a stay is warranted." *Francischetti v. Unison Agreement Corp.*, No. 1:26-cv-03341-JRR, ECF No. 22, slip op. at 7 (D. Md. Oct. 15, 2026) ("*Francischetti* Order"). Clear District precedent compels the same result here—this matter should remain stayed for the short amount of time needed to await the JPML's decision.

## <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiffs filed their Complaint on June 15, 2026. ECF No. 1. Defendants informed Plaintiffs of their intent to file the MDL Motion and to seek a stay of this action pending the JPML's decision on that Motion. *See* ECF No. 21. This Court granted the unopposed motion to stay on August 13, 2026. ECF Nos. 22, 23.

Defendants filed the MDL Motion on August 13, 2026, accompanied by a request that it be heard at the JPML's September 24, 2026 hearing session. MDL No. 3201, ECF Nos. 1, 1-11. The MDL Motion sought to consolidate this case with four other actions—three putative class actions and one individual action. *See* ECF No. 27-2 (Ex. A to Plaintiffs' Motion to Lift the Stay, the "MDL Brief"). Since the MDL Motion was filed, plaintiffs filed three more class actions and one more individual action. Defendants tagged the new cases in the MDL proceedings and seek their consolidation too. All ***nine*** current MDL constituent actions are based on the same theory of liability: that Unison's agreements are not equity option contracts

but rather, illegal mortgage loans. *See* MDL Brief.

When the MDL Motion was filed, Defendants believed it would be heard by the JPML on September 24, 2026, based on the JPML's historic practices with respect to the timing of issuing hearing session orders. The MDL Motion itself and Plaintiffs' joint response both requested hearing in September, MDL No. 3201, ECF Nos. 1-11, 19-10, 19-20, and the JPML issued a briefing schedule consistent with a September hearing, MDL No. 3201, ECF No. 3. But the JPML instead decided to hear the Motion at its December 3, 2026 session and formally docketed it for hearing through a session order issued on October 9, 2026. MDL No. 3201, ECF No. 27.

## LEGAL STANDARD

Federal courts possess "inherent" authority to manage their dockets, including the authority to stay proceedings. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). When determining whether a stay is appropriate, courts in this District consider various factors, including: "the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve the same or similar parties; the similarity of issues; and judicial economy." *Cnty. of Monmouth v. Pfizer, Inc.*, 2022 WL 17490541, at *2 (D.N.J. Dec. 7, 2022). "Stays of a civil action[] are common when the issue of transfer is before the JPML." *Dean v. Novartis Pharms. Corp.*, 2021 WL 3508808, at *2 (D.N.J. Aug. 10, 2021)

(granting stay); *see also Cnty. of Monmouth*, 2022 WL 17490541, at *2 (granting stay because "[t]he existence of related proceedings and consideration by the JPML of centralizing the claims weighs in favor of a stay").

## ARGUMENT

### I. The Bases for the Stay Have Not Changed, And Are Now Stronger.

Plaintiffs' primary argument to lift the stay—that the original bases for the stay "have been negated" (at 6–9)—is incorrect. Plaintiffs make two contentions: (1) the stay was initially time-bound by the expectation that the JPML would decide the MDL Motion by mid-October, but the decision date has now become "speculative" (at 6–7); and (2) Defendants "implicitly represented" that the MDL Motion would raise a "meritorious argument" for consolidation, but Plaintiffs now believe Defendants' MDL arguments are "dubious" (at 8–9). Neither argument justifies a lift of the stay.

Plaintiffs' first argument has been entirely mooted by the JPML's Hearing Order calendaring the MDL Motion for hearing on December 3, 2026. MDL No. 3201, ECF No. 27. Plaintiffs worry that a "ruling could take weeks or months" (at 8), but the JPML's historic practices demonstrate otherwise. The JPML has consistently ruled extremely quickly after hearing dates. For example, the JPML issued five decisions on MDL motions just eight days after its most recent hearing

session on September 24, 2026.[1] This timing is typical, not an exception. In fact, the JPML has issued consolidation decisions as quickly as one day after argument. *See In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373, 1374 n.3, 1375 (J.P.M.L. 2021) (granting consolidation petition one day after hearing).

Plaintiffs are also plainly incorrect that Defendants' MDL Motion did not raise "meritorious" arguments for consolidation. The volume of constituent cases now pending disproves Plaintiffs' point. Any time nine extremely similar lawsuits are pending in federal courts around the country—seven of which are class actions—there is clearly a meritorious argument for consolidation. Beyond that, the MDL Motion demonstrates that the cases share a factual predicate (the Unison HomeOwner Agreements) and legal theory (that the HomeOwner Agreements are loans). *See* MDL Brief and ECF No. 27-4 (Ex. C to Plaintiffs' Motion to Lift the Stay, the "MDL Reply"). As a result, consolidation is the most efficient and sensible outcome for a number of reasons, including because: (1) discovery across actions will be the same; (2) there should be a single decision on the enforceability of Unison's arbitration clause; and (3) the very similar requests for class certification should be decided consistently. *See id.*

[1] https://www.jpml.uscourts.gov/panel-orders.

Plaintiffs oppose consolidation on the grounds that there are not enough cases, that the cases present common questions of law (not fact), and that consolidation is unnecessary because they will voluntarily coordinate discovery. *See* ECF No. 27-3 (Ex. B to Plaintiffs' Motion to Lift the Stay, the "Pls.' Joint MDL Opp."). Although these arguments are for the JPML to decide, they are all facially flawed. In particular, Plaintiffs' contention that the distinction between common *factual* questions and common *legal* questions dooms consolidation (at 8–9) is doubly wrong. Factually, in sworn declarations filed in support of their joint opposition to the MDL Motion, plaintiffs' counsel conceded that "the operative facts are similar across the related actions." *See, e.g.*, Nagdeman Decl., MDL No. 3201, ECF No. 19-3 at ¶ 7. Legally, the JPML has held that "centralization may be warranted even where common questions of law are prominent, as long as common factual issues are also present," which counsel concedes is true here. *In re Generali Covid-19 Travel Ins. Litig.*, 509 F. Supp. 3d 1365, 1367 (J.P.M.L. 2020).

Plaintiffs' reliance (at 9) on an out-of-district order, *Quinn v. JPMorgan Chase Bank, N.A.*, 2020 WL 3472448 (S.D.N.Y. June 24, 2020), is misplaced. In *Quinn*, after acknowledging that stays pending JPML decisions are indeed "customary," the court denied the stay based on exigent facts not present in this case, including "the economic pressures brought about by the pandemic." *Id*. at *1. There is no equivalent emergency here. Plaintiffs' claims concern financial contracts they

entered into years ago—a far cry from the real-time, time-sensitive exigencies in *Quinn*. Further, unlike in *Quinn* where there was uncertainty as to when the JPML would hear the pending motion, the MDL Motion will be heard on December 3, 2026.

## II. Plaintiffs Do Not Identify Any Cognizable Prejudice From Briefly Continuing the Stay.

Plaintiffs also have failed to identify any actual, or even likely, prejudice that could justify lifting the stay before the JPML's decision. As Plaintiffs frame it, they face two categories of prejudice: (1) ongoing restrictions on their use of their homes from alleged deed-of-trust encumbrances; and (2) potential payments to Unison by certain Plaintiffs who wish to settle their agreements in the interim (at 10–11). But Plaintiffs do not claim anywhere—not in their Complaint, their proposed Amended Complaint, or their Motion—that they have any imminent plans to sell, refinance, or rent out their homes. Tellingly, these same contractual requirements were in place when Plaintiffs initially did not oppose the stay. Neither the terms nor the Plaintiffs' circumstances have changed in the interim. Thus, the harm to Plaintiffs from potential future restrictions does not justify lifting the stay.

Unsurprisingly, overwhelming authority in this District confirms that stays pending a JPML transfer decision are appropriate because "any potential prejudice" to Plaintiffs caused by the stay is outweighed by "the risk of duplication and inconsistent rulings . . . and by considerations of judicial economy." *Cnty. of*

*Monmouth*, 2022 WL 17490541, at *2 (quoting *Pennsylvania ex rel. Kane v. McGraw-Hill Cos., Inc.*, 2013 WL 1397434, at *5 (M.D. Pa. Apr. 5, 2013)); *Davis v. DePuy Orthopaedics, Inc.*, 2011 WL 5237563, at *3 (D.N.J. Nov. 2, 2011) ("Finally, the Court finds that prejudice to Plaintiff from a delay until the transfer issue is decided is minimal, as the issue is scheduled for hearing before the MDL Panel . . . less than one month away."). A stay pending a MDL decision makes particular sense at the outset of a case, as here, where no briefing schedule has been entered, no scheduling order is in place, and no discovery has commenced. *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013) (granting stay where case was "in its initial stages," "no trial date ha[d] been set," and "no party ha[d] engaged in significant production or protracted motion practice").

The out-of-district authority on which Plaintiffs rely (at 8) is inapposite. In *Sehler v. Prospect Mortg., LLC*, discovery deadlines were already set, a final pretrial conference was imminent, and the court found that a delay of "four to six months" was prejudicial because the case was trial-ready and could have been entirely resolved before the JPML ruled. 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013). None of those facts apply here. *Gibbs v. Plain Green, LLC* also involved circumstances not present here. 331 F. Supp. 3d 518 (E.D. Va. 2018). First, the MDL motion in that case had not been calendared at the time the court ruled; here, the

hearing is weeks away.[2] Second, the *Gibbs* court was concerned that "multiple motions have been filed in this case and the parties have briefed this Court on various issues," including a fully briefed motion for jurisdictional discovery on which the court had already ruled. *Id.* at 528–29. No comparable litigation activity has occurred here—even if the stay is lifted and Defendants file a motion to compel arbitration, it will not be ripe for decision before the JPML decides the MDL Motion. Third, the court in *Gibbs* was convinced that there was no meaningful risk that the defendants would be burdened by duplicative litigation while awaiting decision on the transfer motion because it sought to consolidate only three actions total, and both of the other constituent cases were already stayed. *Id.* at 526–27. Here, Unison seeks to consolidate *nine* cases (including *seven* class actions). The *Francischetti* court found the plaintiff's attempt to oppose the stay based on *Sehler* and *Gibbs* "unpersuasive" for these same reasons. *See Francischetti* Order at 5 n.3.

### III. Lifting the Stay Weeks Before the JPML's Decision Would Burden Defendants With Potentially Unnecessary and Duplicative Litigation.

Plaintiffs' motion should also be denied because lifting the stay would require Defendants to engage in what is likely to be unnecessary and/or duplicative

[2] *Zornes v. Smitty's Supply, Inc.*, 2020 WL 1285386 (D. Kan. Mar. 18, 2020), and *Quinn*, 2020 WL 3472448, are inapposite for the same reason. Both courts denied a stay in part because the JPML had not calendared the pending motion for hearing.

litigation. If this matter alone proceeds without a stay and consolidation is granted in a few weeks, the work in the meantime will have been unnecessary. And if this matter and other matters proceed without a stay, Defendants face the prospect of simultaneously responding to nearly identical complaints in multiple jurisdictions, a fact the *Francischetti* court found "weigh[s] in favor of a stay." *Francischetti* Order at 4–5. Courts in this District similarly routinely hold that a stay is warranted where "[a]bsent a stay, Defendant could be compelled to unnecessarily litigate claims in different fora, become subject to competing court orders, and undercut the primary purpose of the MDL." *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011).

While Plaintiffs cite *Akishev v. Kapustin* (cited at 11) in support of their motion, that decision is distinguishable, and did not involve a stay pending a JPML decision. 23 F. Supp. 3d 440 (D.N.J. 2014). There, the court denied a request for a six-month stay pending the resolution of an action in which plaintiffs were denied permission to intervene. The stay was denied because the actions "lack[ed] identity" of parties and the "facts and claims alleged" bore only "marginal relevance" to each other. *Id.* at 448. The opposite is true here: Plaintiffs' claims arise from the same HomeOwner Agreements and advance the same loan characterization theory as every other constituent case. *See* MDL Brief; MDL Reply.

## IV. Briefly Maintaining the Stay Serves Judicial Economy and the Public Interest.

Maintaining the stay here also would conserve judicial resources and serve the public interest, a fact Plaintiffs appear to concede, as they make no argument to the contrary.[3] Any briefing on Unison's threshold dispositive motions in this case could require re-briefing and re-argument before a transferee MDL court within a matter of weeks. This is precisely the duplicative effort and wasted resources that a stay is intended to prevent. For these reasons, courts in this District have granted stays "pending a decision by the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute." *Dean*, 2021 WL 3508808, at *2 (quoting 15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3866.1).[4] Briefly maintaining the stay serves judicial economy and the public

[3] Defendants do not rely on judicial efficiency alone, as Plaintiffs incorrectly suggest (at 12–13 (quoting *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004))). As explained *supra*, a brief continuation of the stay until the JPML decides whether to establish an MDL would not prejudice Plaintiffs and lifting the stay would unnecessarily burden Defendants.

[4] The out-of-district authority on which Plaintiffs rely is distinguishable. *Weisman v. Se. Hotel Props. Ltd. P'ship*, 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) (cited at 12) directly contradicts settled District authority recognizing stays pending transfer before the JPML as "common." *Dean*, 2021 WL 3508808, at *2. And as discussed *supra*, *Zornes* and *Quinn* are inapposite—both courts denied a stay in part because the JPML had not calendared the pending motion for hearing (which is not the case here).

interest, as reflected by the fact that every other court presented with these issues has reached the same conclusion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Lift the Stay and maintain the existing stay of proceedings pending the JPML's decision on the MDL Motion.

Dated: October 19, 2026

Respectfully submitted,
CALCAGNI & KANEFSKY LLP

*/s/ Eric T. Kanefsky*
Eric T. Kanefsky, Esq.
Kevin J. Musiakiewicz, Esq.
Martin B. Gandelman, Esq.
One Newark Center
1085 Raymond Blvd., 18th Floor
Newark, New Jersey 07102
eric@ck-litigation.com
kevin@ck-litigation.com
mgandelman@ck-litigation.com

*Attorneys for Defendants Unison Agreement Corporation, Real Estate Equity Exchange, Inc., Unison Investment Management, LLC, and Unison Midgard Holdings LLC*