**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID SANTANIELLO, ROSEANNE D. SANTANIELLO, and LUIS MENESES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>UNISON AGREEMENT CORPORATION, REAL ESTATE EQUITY EXCHANGE, INC., UNISON INVESTMENT MANAGEMENT, LLC, and UNISON MIDGARD HOLDINGS LLC,<br><br>Defendants. | **No. 26-cv-7117**<br><br>**Motion Day: November 2, 2026** |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION TO LIFT THE STAY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii
ARGUMENT .......... 1

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Akishev v. Kapustin*,
23 F. Supp. 3d 440 (D.N.J. 2014) ........................................................4

*CTF Hotel Holdings v. Marriott Int'l*,
381 F.3d 131 (3d Cir. 2004) ..............................................................2

*Gibbs v. Plain Green, LLC*,
331 F. Supp. 3d 518 (E.D. Va. 2018) ..................................................3

*Gold v. Johns-Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) ............................................................1

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..........................................................................1

*Quinn v. JPMorgan Chase Bank, N.A.*,
No. 20-CV-4100, 2020 WL 3472448 (S.D.N.Y. June 24, 2020) .............3

*S. Freedman & Co. v. Raab,*
No. 06-CV-3723, 2008 WL 4534069 (D.N.J. Oct. 6, 2008) ....................1

## Argument

In response to Plaintiffs' Motion to Lift the Stay, Defendants dismiss the publicly recorded restrictions on Plaintiffs' and class members' rights to sell, move, or refinance their homes as mere "potential future restrictions" and completely ignore Plaintiffs' unquestionable interests in a right to litigate their claims. Resp. at 7, ECF 29. Meanwhile, Defendants argue that the entirely speculative risk of "re-briefing and re-argu[ing]" a motion to compel arbitration—should the JPML rule in their favor—is a "clear case of hardship or inequity" sufficient to justify a stay. Resp. at 11. Defendants' efforts to mischaracterize and avoid their burden to show hardships sufficient to justify the extraordinary suspension of the ordinary course of litigation should not be credited, and Plaintiffs' motion should be granted.

In justifying a stay under Third Circuit law, it is Defendants' burden here to show "a clear case of hardship or inequity." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). That is because "[t]he stay of a civil proceeding is an extraordinary remedy." *S. Freedman & Co. v. Raab,* No. 06-3723 (RBK), No. 06-CV-3723, 2008 WL

4534069 at *2, (D.N.J. Oct. 6, 2008). Defendants' novel argument that Plaintiffs have a burden to show an "imminent" harm to simply litigate their claims, Resp. at 7—as if Plaintiffs were seeking the extraordinary remedy of a preliminary injunction—is neither credible nor legally defensible. Rather, Plaintiffs' right to litigate is assumed, and Defendants bear the burden to "state a clear countervailing interest to abridge" Plaintiffs' right. *CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 139 (3d Cir. 2004).

Notably, Defendants in their Response have made no effort to substantiate the speculative "hardship or inequity" of possibly having to re-brief their motion to compel in a transferee action. They submit no declaration stating that they could not or would not be able to recycle any briefing on this legal question. Nor have they submitted any estimate of the time and expense that might be incurred in excess of speculative time and expense related to the requested MDL if the stay is lifted.

Instead, Defendants rely solely on generic arguments, such as that if the JPML rules in their favor, "the work in the meantime [on a motion to compel] will have been unnecessary." Resp. at 9. But as other

courts have recognized, the "near-certainty of re-litigating complex matters does not alone justify a stay." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 527 (E.D. Va. 2018). And, indeed, such work may actually "help[] to move the cases forward." *Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4100 (JSR), 2020 WL 3472448, at *2 (S.D.N.Y. June 24, 2020).

Finally, it is important to reiterate that the specific nature of the ongoing harms against Plaintiffs and potential class members here incur significant prejudice for any delay. Defendants' HomeOwner Agreements, the obligations of which are secured through mortgages, substantially impair Plaintiffs' and class members' abilities to refinance, sell, or rent out their homes. *See* Compl. ¶¶ 82, 107, 143, ECF 1. While this litigation is pending, should Plaintiffs seek to move or otherwise "settle" the loan by refinancing or buying it out, they must pay out the exorbitant and unlawful finance charges that run to hundreds of thousands of dollars. *Id.* ¶¶ 100, 195(d), 197, 206, 218, 228. The severe restrictions imposed by Defendants' mortgages, and Plaintiffs' inability to escape them until the resolution of this litigation, demonstrate more than sufficient prejudice to warrant lifting the stay

and permitting the litigation to proceed. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014). Plaintiffs bear no burden to show "any imminent plans" to sell, refinance, or rent out their homes to be entitled to litigate their claims to a speedy determination.

Plaintiffs' motion to lift the stay should be granted.

Date: October 26, 2026

Respectfully submitted,

*/s/ David A. Nagdeman*
David A. Nagdeman
(NJ Atty. Id. 529022025)
Kevin D. Walsh
(NJ Atty. Id. 30511999)
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660

Jody T. López-Jacobs
(NJ Atty. Id. 164492015)
Andrew M. Milz
(NJ Atty. Id. 000932008)
**FLITTER MILZ, P.C.**
450 N. Narberth Ave., Suite 101
Narberth, PA 19072
Tel: (888) 668-1225

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of New Jersey by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: 10/26/2026

*/s/David A. Nagdeman*
David A. Nagdeman